KAREN LECRAFT HENDERSON, Circuit Judge,
concurring in part and concurring in the judgment:
Although I agree with my colleagues’ resolution of the merits, I do not join their jurisdictional analysis, see Op. 150-53. No one — petitioner, respondent or amicus— briefed the question whether the “significant adverse impact” requirement is jurisdictional. And nothing requires us to decide that question because, whether or not it is jurisdictional, the requirement was met here. See, e.g., McClain v. Lufkin Indus., Inc., 519 F.3d 264, 275 n. 1 (5th Cir.2008) (“Because exhaustion was satisfied, we need not here decide whether exhaustion is ... jurisdictional”); SKF USA, Inc. v. U.S. Customs & Border Prot., 556 F.3d 1337, 1348 (Fed.Cir.2009) (“We assume, but do not decide, that the statute of limitations ... is jurisdictional” because “[the] complaint was timely in any event”). The Administrator certified that the Board’s order would have a “significant adverse impact,” Pet’r’s Br. Al, and, as the Administrator argues in his brief, his determination is “committed to agency discretion by law.” 5 U.S.C. § 701(a)(2). Because I do not think we should decide an unbriefed question of law (jurisdictional vel non) to avoid deciding a briefed one (committed to agency discretion), see Nat’l Juvenile Law Ctr., Inc. v. Regnery, 738 F.2d 455, 467 (D.C.Cir.1984) (“We are reluctant to render a decision on ... important jurisdictional questions without the benefit of briefing and oral argument.”), I do not join my colleagues’ resolution of the “significant adverse impact” issue. Instead, I would resolve the question as follows.
Before he can obtain “judicial review” of a Board order, the Administrator must “decide[ ]” that the order will have a “significant adverse impact” on his ability to carry out his duties. 49 U.S.C. §§ 1153(c); 44709(f). Amicus contends that, although the Administrator made such a determination here, his certifying memorandum was “vague and general and a mere legal conclusion.” Amicus Br. 22-23.
But the Court should not review the substance of the Administrator’s certification because the “significant adverse impact” requirement has all of the hallmarks of a decision “committed to agency discretion by law.” 5 U.S.C. § 701(a)(2). First, the statutes put the onus on the Administrator, not the courts, to “decide[ ]” that a Board order will have a significant adverse impact. The statutes therefore “exude[] deference to the [agency], and appear[ ] to foreclose the application of any meaningful judicial standard of review.” Webster v. Doe, 486 U.S. 592, 600, 108 S.Ct. 2047, 100 L.Ed.2d 632 (1988); see also Claybrook v. Slater, 111 F.3d 904, 909 (D.C.Cir.1997); Drake v. FAA 291 F.3d 59, 72 (D.C.Cir.2002). Second, it is impossible for a court to meaningfully second-guess whether a Board order is “significant.” Significance is simply too amorphous to provide a meaningful judicial metric. See Webster, 486 U.S. at 600, 108 S.Ct. 2047 (“advisable in the interests of the United States” unre-viewable); Dep’t of Navy v. Egan, 484 U.S. 518, 528-29, 108 S.Ct. 818, 98 L.Ed.2d 918 (1988) (“clearly consistent with the interests of the national security” unreviewable). Finally, the certification decision is, by nature, closely akin to prosecutorial discretion. See In re Sealed Case, 131 F.3d 208, 214 (D.C.Cir.1997) (“The decision to certify that a particular case involves a ‘substantial federal interest’ implicates the core [of] prosecutorial discretion....”). Such decisions are “presumptively unre-viewable,” id., because they turn on factors *158 like “the Government’s enforcement priorities” that “are not readily susceptible to the kind of analysis the courts are competent to undertake,” Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).
In short, we should not review the correctness of the Administrator’s “significant adverse impact” determination. Instead, we should ask only whether the Administrator made such a determination. See In re Sealed Case, 131 F.3d at 215. He did so here. See Pet’r’s Br. Al. I would resolve the issue this way.